1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHARLES G. REECE,                        No. CIV S-07-0547-FCD-CMK-P

12              Petitioner,

13       vs.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14   D.K. SISTO, et al.,

15              Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to

19   dismiss (Doc. 10), filed on May 21, 2007.  Petitioner filed an opposition and respondents filed a

20   reply.

21          In their motion to dismiss, respondents argue that the instant petition is untimely

22   because it was filed beyond the one-year statute of limitations.  Federal habeas corpus petitions

23   must be filed within one year from the later of: (1) the date the state court judgment became final;

24   (2) the date on which an impediment to filing created by state action is removed; (3) the date on

25   which a constitutional right is newly-recognized and made retroactive on collateral review; or (4)

26   the date on which the factual predicate of the claim could have been discovered through the

1

1   exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will

2   begin to run when the state court judgment becomes final by the conclusion of direct review or

3   expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  In cases involving a

4   challenge to the denial of parole, the statute of limitations begins to run on the date that parole is

5   denied.  See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

6          The limitations period is tolled, however, for the time a properly filed application

7   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

8   "properly filed," the application must be authorized by, and in compliance with, state law.  See

9   Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding

10  that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a

11  state post-conviction petition are filing conditions and the failure to comply with those time

12  limits precludes a finding that the state petition is properly filed).  A state court application for

13  post-conviction relief is "pending"during all the time the petitioner is attempting, through proper

14  use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006

15  (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process

16  is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition

17  not tolled for time during which certiorari petition to the Supreme Court was pending).  Where

18  the petitioner unreasonably delays between state court applications, however, there is no tolling

19  for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not

20  explicitly deny a post-conviction application as untimely, the federal court must independently

21  determine whether there was undue delay.  See id. at 226-27.

22          There is no tolling for the interval of time between post-conviction applications

23  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

24  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

25  tolling for the period between different sets of post-conviction applications.  See Biggs v.

26  Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

2

1  review and the filing of a state post-conviction application does not toll the limitations period.

2  See Nino, 1983 F.3d at 1006-07.

3          In this case, petitioner challenges the November 15, 2002, denial of parole.

4  Petitioner filed a petition for a writ of habeas corpus in the California Superior Court on January

5  4, 2005, which was denied on May 27, 2005.  Petitioner then filed a petition in the California

6  Court of Appeal on July 26, 2005, which was denied on August 11, 2005.  Finally, petitioner

7  filed a petition in the California Supreme Court on August 25, 2005, which was denied on June

8  21, 2006.  Respondents concede that petitioner is entitled to tolling for all the time his habeas

9  petitions were pending in state court and for the intervals between petitions.

10          In his opposition, petitioner asserts that the statute of limitations does not begin to

11  run on November 15, 2002 – the date he was denied parole – because he was required to file an

12  administrative appeal with the Board of Prison Terms before he could initiate habeas proceedings

13  in state court.  According to petitioner, he did not receive a decision on his administrative appeal

14  until December 27, 2003, which he asserts should be the date on which the statute of limitations

15  began to run.  Respondents concede this point, but argue that, nonetheless, the petition is still

16  untimely.  The court agrees.  Between December 27, 2003 – the date he says he received

17  notification of denial of his administrative appeal – and January 4, 2005 – the date his first state

18  habeas petition was filed – more than one year elapsed.  An additional nine months passed

19  between June 21, 2006 – the date the California Supreme Court denied his last state habeas

20  petition – and March 21, 2007 – the date on which this case was filed.  Therefore, the one-year

21  statute of limitations clearly had expired before petitioner filed this case.

22          Based on the foregoing, the undersigned recommends that:

23          1.      Respondents' motion to dismiss (Doc. 10) be granted; and

24          2.      Petitioner's petition for a writ of habeas corpus be dismissed.

25  / / /

26  / / /

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8  DATED:   August 17, 2007.

9

10                                                                                                          
                                                   **CRAIG M. KELLISON**
11                                                 UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                              4